United States District Court
Southern District of Texas
**ENTERED**
June 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Carlos Alberto Cruz Garcia, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2876 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>NOTICE OF DEFICIENCY AND ORDER</u>**

Daymaris Danay Millet Garcia filed this petition on behalf of Carlos Alberto Cruz Garcia, seeking a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Carlos Alberto Cruz Garcia is currently detained by immigration officials at the Joe Corley Processing Center. *See* Doc. 1 at 2. The Court finds that Daymaris Danay Millet Garcia has not shown that she meets the requirements to represent Carlos Alberto Cruz Garcia. Within seven days of the date this order is issued, Daymaris Danay Millet Garcia shall file a motion to represent Carlos Alberto Cruz Garcia as next friend, or, alternatively, if Carlos Alberto Cruz Garcia intends to proceed on his own, he shall file an amended petition under his own signature.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codifies the "next friend" doctrine, which authorizes a person to pursue an action on behalf of the person detained, but the detained individual remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149,

162–63 (1990).

However, a putative "next friend" must establish standing before a federal court can exercise jurisdiction over a petition filed by him. Standing only exists in limited circumstances, and it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To establish standing, the filer seeking "next friend" status must (i) provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—as to why the real party in interest cannot appear on his own behalf to prosecute the action; (ii) establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate;" and (iii) demonstrate "some significant relationship with the real party in interest." *Id.* at 163–64.

The first criterion is critical; if the petition "does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (*per curiam*). And for all three showings, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status." *Whitmore*, 495 U.S. at 164.

The Petition does not satisfy that burden. *See* Doc. 1. It merely provides that (1) Daymaris Danay Millet Garcia is Carlos Alberto Cruz Garcia's sister and has "a significant, close familial relationship with him," (2) Carlos Alberto Cruz Garcia "is currently detained and has limited ability to prepare and file legal pleadings on his own," and (3) Daymaris Danay Millet Garcia is "acting in his best interests to protect his rights." Doc. 1 at 2. Even if these allegations meet the second and third requirements for establishing next friend standing, they do not provide an adequate explanation as to why Carlos Alberto Cruz

2

Garcia cannot appear on his own behalf to prosecute this action. *See Romanova v. Frink*, No. H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (Lake, J.) (holding that an unsupported allegation that real party in interest "is unable to adequately access legal counsel or file on her own behalf" is insufficient to establish next friend standing).

The Court therefore ORDERS:

1. If Daymaris Danay Millet Garcia seeks to pursue this petition on Carlos Alberto Cruz Garcia's behalf, she shall file a motion to proceed as next friend within **seven (7) days** of this order. The motion shall make a factual showing that she meets the criteria set forth above.

2. If Carlos Alberto Cruz Garcia intends to prosecute this action on his own, he shall file an amended petition under his own signature within **seven (7) days** of this order. The amended petition shall be filed under the same case number currently assigned to the Petition. If Carlos Alberto Cruz Garcia does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(b).

Failure to comply fully within the time allotted above may result in the dismissal of this proceeding without further notice.

The Clerk of Court shall send a copy of this order to Daymaris Danay Millet Garcia and Carlos Alberto Cruz Garcia.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 24th of June, 2026.

Nicholas J. Ganjei<br>
United States District Judge