United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Carlos Alberto Cruz Garcia, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2876 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Daymaris Danay Millet Garcia filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on behalf of Carlos Alberto Cruz Garcia. Doc. 1. On June 24, 2026, the Court entered a Notice of Deficiency and Order, finding that Daymaris Danay Millet Garcia had not demonstrated that she meets the requirements to represent Carlos Alberto Cruz Garcia. Doc. 11 at 1. The Court ordered that, within seven days of the Notice of Deficiency and Order, "Daymaris Danay Millet Garcia shall file a motion to represent Carlos Alberto Cruz Garcia as next friend, or, alternatively, if Carlos Alberto Cruz Garcia intends to proceed on his own, he shall file an amended petition under his own signature." *Id.* Since that time, the Court has not received either a motion to represent Carlos Alberto Cruz Garcia as next friend or an amended petition filed under Carlos Alberto Cruz Garcia's signature. Therefore, this action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). This authority is based on the courts' inherent power to "manage

their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) ("Rule 41(b) authorizes a district court to dismiss an action for failure to prosecute. A district court may dismiss sua sponte, with or without notice to the parties, incident to its inherent powers." (citations omitted)); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

Petitioner's failure to comply with the Notice of Deficiency and Order forces the Court to conclude that he lacks diligence in prosecuting this action. The Court's attempts to mail notices to Petitioner—including the Notice of Deficiency and Order—have all been unsuccessful, as mail has consistently been returned marked undeliverable with a designation on the envelope that Petitioner is "No Longer At This Address." Docs. 5, 6, 7, 10, 12. Under this Court's Local Rules, both lawyers and *pro se* litigants are responsible for advising the Court of their current address to ensure they receive notices mailed by the Court:

> Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address. Counsel of record and pro se litigants must include in this advice the case numbers of all pending cases in which they are participants in this district.

L.R. 83.4. The Court has not received any update from Petitioner regarding his current address, so dismissal is proper even though Petitioner has not received a copy of the Court's Notice of Deficiency and Order.

Therefore, under the Court's general power to manage its docket, this case is DISMISSED WITHOUT PREJUDICE for want of prosecution. Fed. R. Civ. P. 41(b). Petitioner is advised that he may obtain relief from this order upon a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. At a minimum, a proper showing requires compliance with all previous orders of the Court, including the Notice of Deficiency and Order.

Any pending motions are DENIED AS MOOT. The Clerk is of Court is directed to CLOSE this case. The Clerk will provide a copy of this Order to Carlos Alberto Cruz Garcia and Daymaris Danay Millet Garcia.

A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 16th of July, 2026.

_____

Nicholas J. Ganjei
United States District Judge

3